CYRUS F. EDGECOMB *vs.* GEORGE H. JENNEY, and certain hay.

Androscoggin.    Opinion December 13, 1911.

*Agriculture.    Hay Lien.    Revised Statutes, chapter 93, section 54.*

The right to a lien under Revised Statutes, chapter 93, section 54, for cutting or harvesting hay rests upon a contract, express or implied, with the owner of the hay, and if there is no such contract then there is no lien.

The plaintiff made a contract with the defendant to cut certain hay on a farm not owned by the defendant. The owner of the hay then notified the plaintiff that the defendant had no right to hire the hay cut or do anything else on the place and that if he, the plaintiff, cut the hay he would be a trespasser. The plaintiff disregarded the notice, cut and harvested the hay, and then undertook to enforce the lien provided by Revised Statutes, chapter 93, section 54. *Held:* That the plaintiff had no lien on the hay.

It is apparent that Revised Statutes, chapter 93, section 54, if construed precisely as it reads, would authorize the taking of property without due process of law. If A without a contract express or implied could, in invitum, enter the field of B, harvest his hay and appropriate to his own use so much of it as was necessary to pay for his services, it would constitute a direct violation of B's constitutional right that no person shall be deprived of his life, liberty, property, or privileges, but by judgment of his peers, or by the law of the land.

On report.    Lien denied.    Judgment against defendant, Jenney.

Assumpsit on account annexed to recover the sum of $51.75 for the services of the plaintiff and his team in cutting and harvesting certain hay on which the plaintiff claimed a lien under the provisions of Revised Statutes, chapter 93, section 54.    The defendant Jenney was defaulted, notice was ordered to the owners of the hay, and Oscar Storer appeared and claimed the hay.    An agreed statement of facts was filed and the case was reported to the Law Court for determination.

The case is stated in the opinion.

*B. Emery Pratt,* for plaintiff.

*Isaac B. Clary,* for claimant.

SITTING: WHITEHOUSE, C. J., SAVAGE, SPEAR, CORNISH, KING, BIRD, JJ.

SPEAR, J.   This is a case in which the plaintiff seeks to enforce a lien against George H. Jenney and certain hay cut upon a farm, the legal title of which was in the name of Frank W. Dutten, trustee, the beneficiary interest being in Mrs. Lamertine Taylor Jenney.   As the case is presented it seems to be immaterial whether the title was in Dutten or Mrs. Jenney so far as the rights of the plaintiff are concerned, as the correspondence shows that the plaintiff knew that the title of the farm was not in George H. Jenney. On the 13th of July the plaintiff wrote F. W. Dutten as follows: "George Jenney has hired me to cut the hay on the Jenney farm, but I have been told that the farm belongs to you, now I want to know if George Jenney has a right to hire the hay cut, please let me know by return mail as the hay needs cutting." To this letter on the same day Dutten replied: "I am in receipt of your letter of the 13th and in reply would say that the farm in Livermore Falls stands in my name but is leased under agreement to Mrs. Jenney. Consequently I do not know who has authority regarding the management." On July 19th, Oscar Storer, an attorney in Boston, representing Mrs. Jenney's interests, to whom had been forwarded the above letter of the plaintiff for answer, wrote as follows: "In reply to this letter I will state that the title stands in Mr. Dutten's name, but the property is Mrs. Jenney's and Mr. Jenney has no right to hire the hay cut or do anything else on the place. If you cut the hay under his hiring you will be a trespasser and liable to her for damages. Mr. Jenney has no authority to act for. Mrs. Jenney in any way, shape or manner." The plaintiff had been working two days when he received this letter. He, however, ignored the letter and proceeded to cut the rest of the hay. The records show that as early as July 2nd, 1909, Mrs. Jenney had revoked all authority which George H. Jenney prior to that time might have had in the management of the farm. It is obvious, therefore, that on July 13 when the plaintiff wrote to Dutten with reference to the right of George H. Jenney to "hire him to cut the hay," George H. Jenney had no authority whatever to make such

contract. Consequently the plaintiff was in no way misled as to the authority of George H. Jenney from the fact that the latter was apparently occupying the farm.

But notwithstanding this knowledge on the part of the plaintiff and the letter forbidding him to cut the hay and warning him against trespass, he invokes R. S., chap. 93, sec. 54, as a peremptory statute giving him a lien upon the hay for his services. Section 54 is as follows : "Whoever labors in cutting or harvesting hay has a lien on all the hay cut or harvested by him and his co-laborers for the amount due for his personal services and the services performed by his team."

This contention cannot prevail. The theory of the lien law is based upon the assumption of a contract expressed or implied with the owner of the property against which the lien is sought to be enforced, as stated by Chief Justice Shaw in *Hollingsworth* v. *Dow*, 19 Pick. 228. "Again, a lien is a proprietary interest, a qualified ownership, and, in general, can only be created by the owner, or by some person by him authorized." See also *Small* v. *Robinson*, 69 Maine, 425, which is analogous in principle. Innholders and a few others are excepted from the general rule. The above statute although peremptory in its language must be construed with reference to common law rules. *Williams* v. *Vanderbilt*, 145 Ill. 238, 36 Am. St. R., 486. It is apparent that section 54, if construed precisely as it reads, would authorize the taking of property without due process of law. If A without a contract express or implied could, in invitum, enter the field of B, harvest his hay and appropriate to his own use so much of it as was necessary to pay for his services, it would constitute a direct violation of B's constitutional right that no person shall be deprived of his life, liberty, property or privileges, but by judgment of his peers, or by the law of the land. But this seems to be precisely what the plaintiff has undertaken to do. We find ourselves unable to assist him.

*Lien claim denied.*

*Personal judgment for plaintiff against George H. Jenney for $51.75, and interest from the date of the writ.*